**Keith BROWN, Plaintiff,**

v.

**SOUTHERN EQUIPMENT COMPANY, et. al., Defendants.**

**No. 4:95–CV–705(CEJ).**

United States District Court,
E.D. Missouri,
Eastern Division.

Sept. 19, 1997.

Nathan S. Cohen, Lacks and Newman, St. Louis, MO, for Plaintiff.

Andrew J. Martone, Lowenbaum and Bobroff, Thomas E. Berry, Jr., McMahon and Berger, Terry L. Potter, Peper and Martin, St. Louis, MO, for Defendants.

### MEMORANDUM AND ORDER

JACKSON, District Judge.

This matter is before the Court on defendants' motion for summary judgment [Doc. 27]. Plaintiff has filed a response in opposition to the motion.

Plaintiff Keith Brown brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, claiming that the defendants' decision to discharge him on June 21, 1993 was motivated by race discrimination. Plaintiff, an African–American male, worked as a welder for defendant Southern Equipment Company ("Southern"). In March 1993, plaintiff was laid off by Southern but was subject to possible recall under seniority retention rights. On June 11, 1993, Southern offered to recall plaintiff provided that he passed a physical examination and drug test. Plaintiff passed the physical exam and drug test. However, on June 21, 1993, Southern terminated plaintiff claiming that he did not follow appropriate recall procedures. Plaintiff challenged the "recall termination" decision in arbitration asserting that he did not receive proper notice of the recall.[1] On February 18, 1994, the arbitrator awarded plaintiff reinstatement with back pay and benefits. Thereafter, on April 8, 1995, plaintiff was terminated.[2]

### Standard for Ruling on Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party

1. The defendants have attached a copy of the arbitrator's decision, and plaintiff does not dispute the accuracy of the exhibit.

2. In the first amended complaint, plaintiff does not allege that the April 8, 1995 termination decision was motivated by race discrimination. In fact, plaintiff does not make any reference to the decision. As such, the Court will not examine the merits of the April 8, 1995 decision.

may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### Discussion

Title VII claims of race discrimination proceed under the well-known *McDonnell Douglas* burden shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This framework requires the plaintiff to establish a prima facie case of discrimination. *Thomas v. Runyon*, 108 F.3d 957, 959 (8th Cir. 1997). If a prima facie case is made, the defendant must produce evidence that it had a "legitimate, nondiscriminatory reason" for the employment action. *Id.* The burden then shifts to the plaintiff to prove that defendant's reasons were a pretext for discrimination. *Id.*

A prima facie case can be made if the plaintiff shows: 1) that he is a member of a protected group; 2) that he was qualified for the desired position; 3) that "adverse action was taken against him;" and 4) that adverse action "occurred in circumstances giving rise to an inference of discriminatory motivation." *Thomas*, 108 F.3d at 959 (citing *Landon v. Northwest Airlines, Inc.*, 72 F.3d 620, 624 (8th Cir.1995)).

Defendants claim that plaintiff cannot establish a prima facie case because there was no adverse action taken against him. Although plaintiff was terminated on June 21, 1993, defendants point out that he was later reinstated with back pay and benefits pursuant to an arbitration decision. Therefore, under the defendants' view, plaintiff suffered no adverse action.

In *Almonte v. Coca-Cola Bottling Co. of N.Y., Inc.*, 959 F.Supp. 569, 572–73 (D.Conn. 1997) the court concluded that a termination decision does not constitute an adverse action when the employee is later reinstated and given back pay and benefits through arbitration.[3] Because the employee had already received reinstatement with back pay and benefits in arbitration, the court reasoned that a recovery in federal court would represent a double recovery. *Id.; See also Howze v. Virginia Polytechnic*, 901 F.Supp. 1091, 1096–97 (W.D.Va.1995) (decision to deny promotion or tenure not adverse action when employee ultimately received promotion and tenure with pay increase). This Court agrees with the reasoning of the *Almonte* and *Howze* decisions and finds that the facts of the present action are analogous to those decisions. In the instant case, plaintiff succeeded in overturning the disputed June 21, 1993 termination decision in arbitration. Further, plaintiff received back pay and benefits. Therefore, the June 21, 1993 termination decision cannot be considered to be an adverse action. Without an adverse action, plaintiff cannot establish a prima facie case of discrimination, and the defendants are entitled to judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is **GRANTED** [Doc. 27]. An appropriate order will accompany this Memorandum and Order.

### ORDER

In accordance with the Memorandum and Order filed herewith this date,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall enter judgment in favor of defendants Southern Equipment Company and Duke Manufacturing Company and against the plaintiff. Plaintiff shall bear the costs.

---

**3.** The *Almonte* decision involved a claim of race discrimination under 42 U.S.C. § 1981; however, the district court applied the same factors of a prima facie case as under Title VII analysis. 959 F.Supp. at 572.